HELENE N. WHITE, Circuit Judge
(concurring).
Dearborn’s complaint contains a single factual allegation regarding Huntington: “Defendant Huntington is believed to claim an interest in the Property as mortgagee.” There is no contention that this allegation lacks factual support. Additionally, as to each count, the complaint asked that the sale and transfer be avoided and for “such relief as is equitable with respect to the mortgage lien of The Huntington National Bank.” Although Dearborn’s counsel may have been mistaken regarding the need to join Huntington as a party, there is no basis to conclude that such joinder was made “for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.” Fed.R.Civ.P. 11(b)(1). Nor is it “[un]warranted by existing law,” Fed. R.Civ.P. 11(b)(2), for counsel or a party who is uncertain regarding the need to join an entity asserting an interest in property that is the subject of litigation to join the party, state a basis for its claim, and leave the determination to the court.
Were this all that was involved here I would dissent from the affirmance of sanctions. It appears, however, that at various points Dearborn took the position that it might, in fact, have substantive claims against Huntington. Huntington’s requests for voluntary dismissal were not met with an acknowledgment that the bank was joined simply because it might prove to be a necessary party and a preference to have the court rule on the matter, but, rather, with a demand that the bank provide an affidavit denying culpability for claims that were not alleged in the complaint and were not supported by the only discovery conducted. Under these circumstances I concur in the majority’s determination that Dearborn can fairly be said to have “continu[ed] to insist upon a position that is no longer tenable.” Maj. Op. at 852 (quoting Rentz, 556 F.3d at 395 (citation omitted)).
I join in Section II of the majority’s opinion.